10149

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04MBD 10149

| | |
|---|---|
| In Re  USGen New England, Inc., Debtor | ) ) ) Case No. 03-30465 |
| USGen New England, Inc. Plaintiff | ) Chapter 11 ) Adv. Proc. No. 04-01001 ) |
| Bear Swamp Generating Trust No. 1 LLC, et al. Defendant | ) (U.S. Bankruptcy Court, ) District of Maryland) ) (Greenbelt Division)) |

## MOTION OF MAINSTREAM ASSOCIATES INC.
## TO QUASH SUBPOENA
## OR FOR A PROTECTIVE ORDER

Non-Party Mainstream Associates, through its principal, Mr. George Lagassa, moves pursuant to Rule 45(C)(3)(B)(ii), Federal Rules of Civil Procedure, to quash or for a protective order against a deposition subpoena issued by the defendant HSBC Bank USA and attached as Exhibit 1 hereto. As reasons therefor, Mr. Lagassa states:

1. Mainstream Associates and Mr. Lagassa were engaged by the Town of Florida ("the Town"), Massachusetts, to appraise the Bear Swamp Hydro-electric project ("the Project") for the purpose of property tax assessment by the Town. Pursuant to his engagement, Mr. Lagassa formed an opinion as an expert regarding the value of the Project, and set forth his opinion in his written appraisal provided to the Town.

2. Mr. Lagassa has never been retained by any party to this suit for the purpose of appraising the Project or rendering his opinion of value.

3. The subject matters listed in Attachment C to the deposition subpoena pertain to Mr. Lagassa's opinions of the value of the Project or the facts that formed the basis for his opinion.

4.   As other appraisals of the Project have been performed, the underlying valuation information is readily available to the defendant from other sources.

5.   Rule 45(c)(3)(B)(ii), Federal Rules of Civil Procedure states that:

> "On timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party."

For the foregoing reasons, non-party Mainstream Associates requests that this Court quash the subpoena served on it or issue a protective order requiring the party issuing the subpoena to reasonably compensate Mainstream Associates for the time spent by Mr. Lagassa responding to the subpoena.

Mainstream Associates, Inc.

By its attorneys,

*/s/ Cara Daniels*

Alan B. Rubenstein, BBO #432400
Cara J. Daniels, BBO #647523
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, MA 02111
(617) 542-2300

*and fax May 18, 2004*
*Cara Daniels*

2