B256 (11/91) Subpoena in a Case Under the Bankruptcy Code

## United States District Court
### for the District of Massachusetts

| | |
|---|---|
| In re USGen New England, Inc., Debtor | SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE |
| USGen New England, Inc., Plaintiff | Case No. 03-30465 |
| | Chapter 11 |
| Bear Swamp Generating Trust No. 1 LLC, et al. Defendant | Adv. Proc. No.[1] 04-01001 |
| | (U.S. Bankruptcy Court, District of Maryland (Greenbelt Division)) |

To: Mainstream Associates
26 Maple Road
North Hampton, NH 03862

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Attachments A and C)

| PLACE<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA 02110-1726 | DATE AND TIME<br>May 19, 2004 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
(See Attachments A and B)

| PLACE<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA 02110-1726 | DATE AND TIME<br>May 19, 2004 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Collette Cunningham<br>Attorney for Defendant HSBC Bank USA | DATE<br>May 6, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Collette B. Cunningham, Esq., Debevoise & Plimpton LLP, 919 Third Ave., New York, NY 10022 (212) 909-6000

---

[1] If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.
21716294v1

*1*

05/18/2004 15:43 FAX 617 542 7437 Case 1:04-cv-11235-WGY Document 7-2 Filed 06/11/2004 Page 2 of 11 ☐006

FROM : MAINSTREAM ASSOCIATES    PHONE NO. : 603 9644077    May. 18 2004 12:56PM P3
05/08/04 12:51 FAX 212 909 6177    DECHERT & THIBAULT

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          SIGNATURE OF SERVER

                                     ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) and (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

21716294v1

## ATTACHMENT A

### TIME PERIOD

Unless otherwise indicated, the time period covered by this subpoena is from July 1, 1997 to the date of this subpoena.

### DEFINITIONS

A. The term "You" as used herein shall mean Mainstream Associates, its predecessors, successors, parents, wholly- or partly-owned direct or indirect subsidiaries, divisions, affiliates, and joint ventures, as well as its past and current officers, directors, and employees.

B. The term "Document," as used herein, means the original and all copies of written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in Your possession, custody or control, wherever located. Any copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence shall be deemed a separate Document within the foregoing definition. The term "Documents" means all material that is subject to discovery under Federal Rule of Civil Procedure 34 and includes, but is not limited to:

- All contracts, agreements, letter agreements, representations, warranties, certificates and opinions;

- All letters or other forms of correspondence or communication, including envelopes and notes, electronic versions of Documents, telegrams, cables, telex messages and other messages, including reports, notes, notations and memoranda of or Relating to telephone conversations or conferences;

21714185v2

- All e-mails;
- All memoranda, working group lists, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;
- All accounting entries, journal entries, accompanying narrative descriptions to journal entries, notes regarding journal entries and e-mails regarding journal entries;
- All desk calendars, appointment books and diaries;
- All minutes, records or transcripts of meetings and conferences, and lists of Persons attending meetings or conferences;
- All reports and summaries of interviews and negotiations;
- All books, articles, press releases, analyst reports, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;
- All motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs and other data compilations from which information can be obtained; and
- Drafts of any Document, revisions of drafts of any Document and original or preliminary notes.

2

21714185v2

C. The term "E-mail," as used herein, shall mean electronic mail sent or received by any Person.

D. The term "Person," as used herein, shall mean any natural Person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural Person, partnership, corporation or other business entity.

E. The term "USGen" as used herein shall mean USGen New England, Inc., its predecessors, successors, parents, wholly- or partly-owned direct or indirect subsidiaries, divisions, affiliates, and joint ventures, as well as its past and current officers, directors, and employees.

F. The term "Facility" shall mean the Bear Swamp pumped storage hydroelectric facility located on approximately 1,300 acres on the Deerfield River in Massachusetts.

G. The term "November 1998 Transaction" shall mean the transactions consummated in or around November 1998, covered by the following agreements:

(i) The Participation Agreement (T1) dated as of November 23, 1998, among USGen New England, Inc., Bear Swamp Generating Trust No. 1, Wilmington Trust Company, as Owner Trustee, Bear Swamp I LLC, The Chase Manhattan Bank, as Lease Indenture Trustee, and The Chase Manhattan Bank, as Pass Through Trustees;

(ii) The Participation Agreement (T2) dated as of November 23, 1998, among USGen New England, Inc., Bear Swamp Generating Trust No. 2, Wilmington Trust Company, as Owner Trustee, Bear Swamp II LLC, The Chase Manhattan Bank, as Lease Indenture Trustee, and The Chase Manhattan Bank, as Pass Through Trustees;

3

21714185v2

(iii)   The Facility Site Sublease Agreement (T1) dated as of November 30, 1998, between Bear Swamp Generating Trust No. 1 LLC, as Ground Sublessor and USGen New England, Inc. as Ground Sublessee;

(iv)   The Facility Site Lease Agreement (T1) dated as of November 30, 1998, between USGen New England, Inc., as Ground Lessor, and Bear Swamp Generating Trust No. 1, as Ground Lessee;

(v)   The Facility Lease Agreement (T1) dated as of November 30, 1998, between USGen New England, Inc., as Facility Lessee and Bear Swamp Generating Trust No. 1 as Owner Lessor;

(vi)   The Facility Site Sublease Agreement (T2) dated as of November 30, 1998, between Bear Swamp Generating Trust No. 2 as Ground Sublessor and USGen New England, Inc., as Ground Sublessee;

(vii)   The Facility Site Lease Agreement (T2) dated as of November 30, 1998, between USGen New England, Inc., as Ground Lessor, and Bear Swamp Generating Trust No. 2, as Ground Lessee;

(viii)   The Facility Lease Agreement (T2) dated as of November 30, 1998, between USGen New England, Inc., as Facility Lessee and Bear Swamp Generating Trust No. 2 as Owner Lessor; and

(ix)   The Tax Indemnity Agreement dated as of November 30, 1998, between USGen NE and Bear Swamp I LLC and the Tax Indemnity Agreement dated as of November 30, 1998, between USGen NE and Bear Swamp II LLC.

H.   The terms "Relates to," "Related to" or "Relating to" as used herein, shall mean relating to, constituting, referring to, reflecting, concerning, in connection with or to, pertaining

4

to or in any way logically or factually connected with the matter described in this discovery request.

I.   The term "Evaluation," as used herein, shall mean an evaluation, calculation, study, test, opinion, appraisal, compilation, collection, research, determination, investigation, review, memorandum, publication and analysis.

J.   The words "and" and "or," as used herein, shall be construed to be either conjunctive or disjunctive as the context requires so that each request shall be construed broadly rather than narrowly.

K.   The plural shall include the singular and the singular shall include the plural, as the context requires so that these requests and any subsequent subpoena shall be construed broadly rather than narrowly.

L.   All capitalized terms employed in this subpoena shall have the definition set forth above in this Definitions Section.

## INSTRUCTIONS

1.   This subpoena seeks the production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

2.   If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (i) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (ii) specifying the date on which the Document was prepared or transmitted, (iii) describing the nature of the Document (e.g., letter, telegram, etc.) and the subject matter of the Document, (iv) stating briefly why the Document is claimed to be

5

21714185v2

privileged or to constitute work product and *(v)* identifying the paragraph of the request to which the Document Relates.

3. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be redacted from the Document following the instructions in the preceding paragraph and the rest of the Document shall be produced.

4. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this subpoena. The method for production of each category is to be identified at the time of production.

5. This subpoena and any subsequent subpoena shall be deemed continuing to the full extent permitted by Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(e) so as to require further and supplemental production by You in the event You receive or obtain additional responsive Documents between the time You serve responses to this and any subsequent subpoena and the time of trial.

## ATTACHMENT B

### DOCUMENTS TO BE PRODUCED

1. All Documents Relating to Your engagement by any Person Relating to the appraisal or valuation of the Facility or any part thereof, including, without limitation, all Documents Relating to any engagement or retention letter or agreement, and any instructions, directions, limitations and/or requests concerning Your engagement.

2. All Documents received, reviewed and/or generated by You in connection with any appraisal or valuation of the Facility.

3. All Documents Relating to any appraisal or evaluation of the Facility by any person other than You.

4. All Documents Relating to any communication with US Gen regarding the value or valuation of the Facility.

5. All cash flow forecasts for the Facility prepared at any time for any purpose.

6. All Documents Relating to the November 1998 Transaction.

7. All Documents Relating to the expected or projected useful life of the Facility and/or its components, including, without limitation, turbines, computer systems and electrical systems.

8. All Documents Related to any Evaluation of the risk of technological obsolescence with respect to the Facility, including, without limitation, any component, part or feature thereof.

7

21714185v2

9. All Documents Relating to real estate or personal property taxes paid, assessed or owed to Rowe and Florida, Massachusetts at any time in connection with the Facility.

10. All Documents Relating to any communications about real or personal property taxes assessed with respect to the Facility and/or about the assessed value(s) of all or any part of the Facility.

11. All Documents Relating to the extent to which the Facility consists of real property and/or personal property.

12. All Documents Relating to the portion of the value of the Facility that is attributable to real property and/or personal property.

13. Documents sufficient to identify all Persons and their qualifications who performed any work for You or on Your behalf with respect to the Facility, including, without limitation, Documents sufficient to show the last known business and personal address and contact information of such Persons.

14. All E-mails Related to Request Nos. 1-13.

8

2171418v2

## ATTACHMENT C

## SUBJECT MATTERS FOR DEPOSITION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure, please designate one or more officers, directors, or managing agents, or other persons who consent to testify on Your behalf, to testify as to the following subject matters:

1. Your engagement by any Person Relating to the appraisal or valuation of the Facility or any part thereof.

2. Report(s) and other Documents prepared or generated by You with respect to the value of the Facility, and the Documents and information considered by You in producing such report(s) and Documents.

3. Communications with US Gen regarding the fair market value of the Facility and/or any prior valuation of the Facility.

4. Your review and consideration of any valuations prepared by or on behalf of USGen in connection with the November 1998 Transaction.

5. Communications with any other Person about real or personal property taxes assessed with respect to the Facility and/or about the assessed value(s) of all or any part of the Facility.

6. Communications with any other Person about the extent to which the Facility consists of real property and/or personal property.

9

21714185v2