DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

June 7, 2004

BY FACSIMILE AND FIRST CLASS MAIL

Cara J. Daniels, Esq.
Rackemann, Sawyer & Brewster
One Financial Center
Boston, Massachusetts 02111-2659

    USGen New England, Inc. v. Bear Swamp Generating Trust No. 1 LLC, et al.

Dear Ms. Daniels:

    This concerns Mainstream Associates' ("Mainstream's") position, stated by you during our phone conversation earlier today, that it will not produce documents in response to HSBC's subpoena until the day Mainstream's 30(b)(6) witness (Mr. Lagassa) is to be deposed. For the reasons described below, this position seems unnecessarily wasteful. I ask that you reconsider.

    If we are required to begin our review of Mainstream's documents on the day of Mr. Lagassa's deposition, the actual questioning must be postponed until the review is done. You estimate that Mainstream will produce approximately one box (approximately 3,000 pages) of documents, which presumably will include the cash flow forecasts underlying Mr. Lagassa's DCF analysis that the Court has ordered be produced. Proper review of such complex documents may take hours — hours spent in forced idleness by you, your client, the court reporter, and counsel for the four other active parties in this litigation. Surely there is a more efficient way to proceed.

    Indeed, I am concerned that the one-day marathon proposed by Mainstream will turn into a two-day deposition, something neither of us want. While I intend to proceed as efficiently as possible, I will not compromise the thoroughness of my examination due to arbitrary limits on preparation. Obviously an inadequately-prepared examination takes longer than a well-prepared one. Thus, Mr. Lagassa's deposition may well take the full 7 hours granted by the Court, even though the adequately-prepared depositions of other third-party valuation professionals in this litigation have taken significantly fewer hours. Although impossible to predict in advance, the combined review and deposition may

Cara J. Daniels, Esq.                    2                    June 7, 2004

ultimately require more hours than can reasonably be worked in a single day, necessitating an adjournment and a continuation of the deposition on a second day.

Further, production of documents on the day of the deposition allows no time to discuss problems that may be identified in Mainstream's document production. If Mr. Lagassa's testimony establishes that documents required to be produced by the Court's order were inadvertently omitted from Mainstream's production, there will be no opportunity to rectify the omission, and Mr. Lagassa may have to be recalled for further testimony on another day.

I am perplexed that Mainstream, which moved to quash the deposition in part on the grounds that Mr. Lagassa should not be required to testify without payment, would needlessly increase the unpaid hours that he and his counsel spend in discovery. I urge you to reconsider your position, if not for the above reasons, then in light of Judge Young's admonition that each party cooperate or face sanctions. Our client is willing to pay Mainstream's reasonable copying and courier charges incurred in getting the documents to us in advance of the deposition. Although we labor under a June 15th discovery cutoff and a June 21st trial date, I will be as flexible as possible in arranging a deposition date that will allow for a reasonable period for review of documents. Hopefully with these accommodations Mainstream can see its way clear to a less compressed discovery schedule.

Very truly yours,

Steve Vaccaro