# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

BY FACSIMILE

June 10, 2004

Cara J. Daniels, Esq.
Rackemann, Sawyer & Brewster
One Financial Center
Boston, Massachusetts 02111-2659

      **USGen New England, Inc. v. Bear Swamp Generating Trust No. 1 LLC, et al., Docket No.: 1:04-mc-10149-WGY**

Dear Ms. Daniels:

      This confirms our conversation yesterday and proposes a path forward for the production of documents and deposition of Mr. Lagassa as the Rule 30(b)(6) witness of Mainstream Associates ("Mainstream"), scheduled to begin at 9 a.m. on Monday, June 14.

      You have informed me of your belief that Mainstream is under no obligation to produce documents in advance of Mr. Lagassa's deposition on Monday. You have further informed me that, once you have simultaneously produced Mr. Lagassa and his documents, that I will have a total of exactly 7 hours to review the documents and/or depose Mr. Lagassa. In other words, time spent reviewing the documents and not questioning Mr. Lagassa will be deducted from the 7 hours allowed for deposition. You have further informed me that you will not make either Mr. Lagassa or the documents available at 9 a.m. or 9:30 a.m. on Monday, but only at 10 a.m., because it is inconvenient for you to do otherwise. Finally you have notified me that you "might" produce Mainstream's documents to me in advance of the Monday deposition, "but only if it is in [your] client's interest to do so."

      Mainstream's position ignores Judge Young's ruling on June 3 that we be permitted 7 hours to depose Mr. Lagassa. You are forcing us to choose between preparing for the deposition and actually taking it. Mainstream's documents are likely to include spreadsheets and other complex financial data that require significant time to analyze. It is evident that Mainstream is engaging in transparent gamesmanship in defiance of the spirit, if not the letter, of the Court's order. Therefore, if you do not agree

Cara J. Daniels, Esq.                              2                              June 10, 2004

in writing by 3 p.m. today that you will produce to me Mainstream's documents by no later than 5 p.m. on Friday, June 11, I will move the Court today by emergency motion for an order (1) compelling such advance production; or (2) in the alternative, that Mainstream be required to pay the fees of attorneys who will under my supervision review the Mainstream documents on Monday morning at 10:00 a.m. while I begin Mr. Lagassa's deposition; and (3) for fees and costs in connection with such emergency motion. My previous offer to defray Mainstream's reasonable costs in producing the documents in advance of the deposition remains, unless you force me to seek relief form the Court.

Finally, let me reiterate the specific documents that I believe Mainstream is required to produce, as part of or in addition to those responsive to items number 2, 5, and 13 in Attachment B to the HSBC Subpoena, most of which I have already mentioned in our previous phone conversations:

- Mainstream's entire case file for the Bear Swamp Appraisal (the "Appraisal");

- All records of any communications concerning the Appraisal, written or oral, between (1) Mainstream and (2) any persons representing USGen or its interests; and

- Documents sufficient to show the terms of Mainstream's engagement to perform the Appraisal, the number of hours worked and tasks performed by Mainstream personnel, and the compensation paid to Mainstream in connection with the Appraisal.

I look forward to your prompt response and to reaching a resolution acceptable to both of us without the need for intervention by the Court.

Very truly yours,

Steve Vaccaro

cc: Carl Solomont, Esq.
    Sean Flynn, Esq.

21737192v1